IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| ERIC MOORE BELLAMY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:23-00336 |
| | ) | (Criminal No. 3:18-00228) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (Document No. 68). By Standing

Order, this matter was referred to the undersigned for submission of proposed findings of fact

and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 69.)

FACTUAL AND PROCEDURAL BACKGROUND

A       Criminal Action No. 3:18-00228:

On March 5, 2019, Movant pled guilty to one count of Possession with Intent to

Distribute Cocaine Base and Heroin Within One Thousand Feet of a Private Elementary and

Secondary School in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) (Count One); and one count

of Possession of Firearms in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. §

924(c)(1)(A) (Count Two). (Criminal Action No. 3:18-00228, Document Nos. 34 – 38.) A

Presentence Investigation Report was prepared. (Id., Document No. 50.) As to Count One, the

District Court determined that Movant had a Base Offense Level of 18, and a Total Offense

Level of 15, the Court having applied a three-level reduction for acceptance of responsibility

pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., p. 7.) As to Count Two, the District Court determined that pursuant to U.S.S.G. § 2K2.4(b) the Guideline sentence for violating 18 U.S.C. § 924(c) was the minimum term of imprisonment required by statute (five years), to be served consecutively to any other term of imprisonment imposed. (Id.) The District Court sentenced Movant on July 29, 2019, to a 15-month term of imprisonment as to Count One and a 60-month term of imprisonment as to Count Two, to run consecutively. (Id., Document No. 46, 47, 49.) The District Court further imposed a six year term of supervised release and a $200 special assessment. (Id.) Movant did not file a direct appeal.

On April 27, 2020, Movant, acting *pro se*, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(i)(A). (Id., Document No. 54.) In support, Movant relied upon the COVID-19 pandemic and his pre-existing medical conditions. (Id.) By Order entered on April 30, 2020, the District Court denied the foregoing Motion. (Id., Document No. 55.)

On May 6, 2020, Movant, acting *pro se*, filed his second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(i)(A). (Id., Document No. 56.) By Order entered on May 7, 2020, the District Court denied the foregoing Motion. (Id., Document No. 57.)

On May 26, 2020, Movant, acting *pro se*, filed his third Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(i)(A). (Id., Document No. 59.) By Order entered on June 1, 2020, the District Court denied the foregoing Motion. (Id., Document No. 60.)

On July 20, 2020, Movant, acting *pro se*, filed his fourth Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(i)(A). (Id., Document No. 61.) On July 23, 2020, Movant filed Exhibits in Support. (Id., Document No. 62.) By Order entered on August 5, 2020, the District Court denied the foregoing Motion. (Id., Document No. 63.)

On November 7, 2022, Movant, acting *pro se*, filed a letter-form Motion to Amend or Correct his Sentence. (Id., Document No. 64.) In support, Movant stated that he "recently discovered a sentence error, which [trial counsel] should have noticed." (Id.) Movant explained that he was incorrectly charged and sentenced for selling drugs within 1,000 feet of a school zone. (Id.) Movant claimed that the school was more than 1,000 feet from his house, and he was not selling any drugs. (Id.) Movant stated that the drugs were for his personal use. (Id.) Accordingly, Movant argued that the 15 months that was added to his sentence for selling drugs within 1,000 feet of a school zone should be corrected. (Id.) By Order entered on November 15, 2022, the District Court denied Movant's foregoing Motion. (Id., Document No. 65.)

**B.      Section 2255 Motion:**

On April 17, 2023, Movant, acting *pro se*,[1] filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 3:23-00336, Document No. 68.) As grounds for relief, Movant argues that "he received ineffective assistance of counsel within the meaning of Strickland v. Washington, infra, resulting in an erroneous sentence under the United States Sentencing Guidelines where Movant was not within 1,000 feet of a school zone as charged." (Id.) Movant argues that "counsel failed to confirm the indispensable 1,000-foot violation, failing to meet the standard of indispensable due diligence as Movant's counsel." (Id.) Movant requests that the Court "[s]imply Google the distance between the petitioner's address and the nearest school." (Id.) Movant contends that "the distance between petitioner's residence 1037 Madison Avenue, Huntington, West Virginia, and the closest school zone is Grace Christian School located at 1111 Adams Avenue,

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Huntington, West Virginia, [which] is more than 1,300 feet." (Id.) Thus, Movant argues that he is entitled to "immediate release where the enhanced prison sentence was erroneously increased by 15 months under the United States Sentencing Guidelines."[2] (Id.)

## ANALYSIS

**1.    Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion      by such government action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

---

[2] To the extent Movant is challenging his sentencing enhancement pursuant to U.S.S.G. § 2D1.2(a)(1) because the offense occurred near a protected location (e.g., a school), his claim is without merit. It is well recognized that the *McQuiggin* exception does not apply to claims of actual innocence regarding sentencing. *In re Jones*, 758 F.3d 579, 586 (4th Cir. 2014)("[W]e conclude that *McQuiggin* does not extend to cases in which a movant asserts actual innocence of his sentence, rather than his crime of conviction.")

The Court will first consider the timeliness of Movant's Motion under Section 2255(f)(1). Movant's Judgment Order was entered on July 31, 2019, and his sentence became final 14 days later when he did not file a Notice of Appeal (August 14, 2019). On April 17, 2023, approximately two years and eight months after the one-year period expired, Movant filed the instant Motion challenging his conviction and sentence as to Count One in Criminal Action No. 3:18-00228. (Civil Action No. 3:23-00336, Document No. 68.) Movant's Motion is clearly untimely under Section 2255(f)(1). Additionally, Movant presents no arguments supporting a claim that his Motion is timely pursuant to Section 2255(f)(2), (3), or (4).[3]

Since Movant appears to be asserting an actual innocence claim, the undersigned construes Movant's Motion as relying upon McQuiggin. In McQuiggin, the United States Supreme Court held that in extraordinary circumstances, a movant that demonstrates actual innocence of his crime of conviction may proceed with a habeas petition that otherwise would have been statutorily time-barred under AEDPA. McQuiggin v. Perkins, 569 U.S. 383, 392, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). Although a claim of actual innocence may overcome Section 2255(f)'s statute of limitations, the Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare." Id., 569 U.S. at 386, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

---

[3]  To the extent Movant may be arguing that his Motion is timely pursuant to Section 2255(f)(4), the undersigned finds such a claim to be without merit. Section 2255(f)(4) provides that the one-year period of limitation shall run from "the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence." Clearly, the address of Movant's residence and the address of the school was known by Movant at the time of his Indictment. To the extent Movant wished to challenge the alleged fact that the distance between his residence and the school zone exceeded 1,000 feet, such a defense was available to Movant from the date of the Indictment.

doubt." Id.(quoting Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). To

succeed in asserting a credible actual innocence claim, Movant "must offer reliable new evidence

– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence – that was not presented at trial and in light of which it becomes 'more likely

than not that no reasonable juror would have convicted him." Hill v. United States, 2019 WL

3425049, * 5 (S.D.W.Va. May 21, 2019), report and recommendation adopted, 2019 WL

2745852, appeal dismissed, 785 Fed.Appx. 151 (4th Cir. 2019).

In the instant case, Movant argues that the distance between his residence and the school

is new evidence that establishes his actual innocence. The undersigned disagrees. First, the

undersigned finds that the distance between Movant's residence and the school is not new

evidence. The foregoing information was known to Movant prior to his plea of guilty and

sentencing. See Hill, 2019 WL 3425049, at * 6(finding that "the affidavit is certainly not new

evidence as Hill admits that it was available at the time of the plea); Brown v. United States,

2018 WL 3241344, * 3 (D.Md. July 3, 2018)(finding that the affidavit that allegedly showed

petitioner's actual innocence was not new evidence because it contained information that the

petitioner knew at the time of his guilty plea); Goldman v. Keller, 2012 WL 2904577, * 3

(M.D.N.C. July 16, 2012)(finding no new evidence where the "facts underlying petitioner's

defense were in existence and would have been known to petitioner at the time the pled guilty");

McKissick v. Warden Evans Correctional Institution, 2013 WL 4585613, * 9 - 10 (D.S.C. Aug.

28, 2013)(finding that affidavit concerning petitioner's whereabouts at the time of the offense

were not newly discovered evidence because petitioner knew "all long" where he was at the time

of the crime); Sawyer v. United States, 2011 WL 127144, * 5 (E.D.Va. Jan. 13,

2011)(recognizing that petitioner could not establish extraordinary circumstances where the

"new evidence" or "facts" could have been easily discoverable through the use of public

sources). The alleged recently discovered evidence relied upon by Movant were facts in

existence and available to Movant as defense prior to the entry of his guilty plea. Furthermore,

Movant does not challenge the validity of his Plea Agreement and the Plea Agreement contained

a "Stipulation of Facts" wherein Movant acknowledged that he was distributing cocaine and

heroin from his residence, which was within 1,000 feet of a school zone. (Criminal Action No.

3:18-00228, Document No. 37.) Specifically, the "Stipulation of Facts" stated, in pertinent part,

as follows:

> On September 12, 2018, officers with the Huntington Police Department executed a search warrant at my residence located at 1037 Madison Avenue in Huntington, Cabell County and within the Southern District of West Virginia. During the search, officers located a lockbox in a dresser in one of the residence's bedrooms. Inside the lockbox, officers seized approximately 8 grams of cocaine base, a Schedule II controlled substance, approximately 1.5 grams of heroin, a Schedule I controlled substance, my New Jersey identification card, and $788 in United States currency. In a separate drawer of the same dresser containing the lockbox, officers seized the following firearms: . . ..
> I was arrested and provided a statement to officers at the Huntington Police Department after being advised of my Miranda rights. During the statement, I admitted to officers that I possessed the cocaine base and the heroin, and that I had been selling both cocaine base and heroin in the Huntington area.
> At least one of the reasons I stored the three firearms seized in the dresser where I keep the lockbox with the drugs was to protect myself from robbery or other forms of potential violence based on my sale of drugs in or around my residence.
> ***My residence is located within one thousand feet of Grace Christian School, a private elementary and secondary school.***

(Id., pp. 11 – 12.)(emphasis added). Accordingly, the undersigned finds that Movant cannot meet

threshold requirements of McQuiggin and Movant's Section 2255 Motion is untimely.

Notwithstanding the foregoing, the undersigned will briefly consider the merits of

Movant's claim. Movant contends that "the distance between petitioner's residence 1037 Madison Avenue, Huntington, West Virginia, and the closest school zone is Grace Christian School located at 1111 Adams Avenue, Huntington, West Virginia, [which] is more than 1,300 feet." (Civil Action 3:23-00336, Document No. 68.) Movant requests that the Court "[s]imply Google the distance between the petitioner's address and the nearest school." (Id.) The undersigned has conducted a Google search, which does not confirm Movant's allegations. A Google search from the pinpoint addresses (1037 Madison Avenue and 1111 Adams Avenue) results in a straight line measurement of 1,134.24 feet. This method of measurement, however, does not allow for consideration of the "school zone." A "school zone" is defined as 'comprising the area 'within a distance of 1,000 feet from [school] *grounds*." See United States Nieves-Castano, 480 F.3d 597, * 603-04 (1st Cir. 2007)(emphasis added). In relevant part, Section 860 further provides as follows: "Any person who violations [21 U.S.C. §  841(a)(1)] by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of the *real property comprising a public or private elementary, vocational or secondary school* . . .." 21 U.S.C. § 860(emphasis added). A Google search of the distance between Movant's residence and the "school zone" or "real property comprising" Grace Christian School, clearly reveals results measuring less than 1,000 feet. Thus, considering Movant's alleged recently discovered evidence, along with the Government's factual basis supporting Movant's guilty plea, the undersigned cannot conclude that no reasonable juror would have found Movant guilty beyond a reasonable doubt. See McQuiggin, 569 U.S. at 386, 133 S.Ct. at 1928; see also Sellers v. Ward, 135 F.3d 1333, 1338–39 (10th Cir.1998)("Actual innocence does not mean merely that the new evidence creates a reasonable doubt of the

petitioner's guilt but that no reasonable juror would have found the defendant guilty had that

evidence been presented at trial."). Furthermore, the undersigned finds that the Movant's counsel

did not act ineffectively in his failure to challenge the distance between Movant's residence and

the school zone. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n

attorney's failure to raise a meritless argument . . . cannot form the basis of a successful

ineffective assistance of counsel claim because the result of the proceeding would not have been

different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731

(E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here,

counsel is alleged to have failed to raise a meritless argument").

**2.      Equitable Tolling:**

The one-year period of limitation is procedural, not jurisdictional, and therefore may be

equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation

period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has

held that equitable tolling "must be reserved for those rare instances where - due to

circumstances external to the party's own conduct - it would be unconscionable to enforce the

limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238,

246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir.

2000)(equitable tolling should apply only where the petitioner is prevented from asserting his

claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the

petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit

stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a
> particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v.
> Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two

generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9ᵗʰ Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10ᵗʰ Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10ᵗʰ Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Further, alleged mistakes by counsel generally does not serve as grounds of equitable tolling. Rouse, 339 F.3d at 249; also see Merritt v. Blaine, 326 F.3d 157, 169 (3ʳᵈ Cir. 2003)("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling")(internal quotation marks omitted)); Beery v. Ault, 312 F.3d 948, 951 (8ᵗʰ Cir. 2002)("Ineffective assistance of counsel generally does not warrant equitable tolling."); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4ᵗʰ Cir. 2000)("[W]hile we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."). Federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of

excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 68) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: May 4, 2023.

Omar J. Aboulhosn
United States Magistrate Judge